IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cr-40044-SMY-1 |
| | ) |
| WILLIAM FULLER III, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant William Fuller III was sentenced on February 16, 2016 to a total term of 77 months' imprisonment for possession of an object designed or intended to be used as a weapon (Counts 1 and 2) and assault with a dangerous weapon (Count 3). (Docs. 105, 109).

Fuller filed a *pro se* motion seeking a sentence reduction under Amendment 821 to the United States Sentencing Guidelines (Doc. 56). Pursuant to SDIL Administrative Order 362, Assistant Federal Public Defender Molly M. Madrigal entered her appearance on Fuller's behalf to determine his eligibility for a sentence reduction (Doc. 59). AFPD Madrigal has now moved to withdraw, asserting that Fuller is ineligible for a sentence reduction under Amendment 821 (Doc. 60). Fuller has not filed a response to the motion but filed another motion seeking a reduction (Doc. 61) and motion to appoint counsel (Doc. 62).

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point

Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Fuller's total offense level at sentencing was 21 and his criminal history category was VI due to his career offender status, resulting in a Guidelines sentencing range of 77-96 months. He was sentenced to 77 months to run consecutively to his 262-month sentence in Case No. 04-cr-253-9 (ND/IL). Under Amendment 821, Fuller's Guidelines sentencing range remains unchanged due to his career offender enhancements. Thus, he is not eligible for a sentence reduction.

Accordingly, the motion to withdraw (Doc. 60) is **GRANTED** and motions to reduce pursuant to Amendment 821 (Docs. 56, 62) and motion to appoint counsel (Doc. 62) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 9, 2024**

**STACI M. YANDLE**
**United States District Judge**